By the Court, Cowen, J.
There can be no doubt, on the evidence, that the defendant below was connected with the trespass. He was plaintiff in the suit. This was conducted by his attorneys, Bolt & Worcester, and [his general agent, Jackson. The fi. fa., of course, was issued by or at the instance of his attorneys; and where the attorney on record conducts the suit in such a way as to be liable to an action of trespass himself, his client is also liable. (Barker v. Braham, 3 Wils. 368, 376 ; Bates v. Pilling, 6 Barn, & Cress. 38 ; Brown v. Feeter, 7 Wend. 301 ; Crook v. Wright, Ry. & Mood. N. P. Rep. 278.)
Proving the levy, and connecting the defendant with it as a party, therefore, made out a trespass against him; and the verdict was right unless he established a justification. To do so, though the execution alone would seem to have been holden sufficient on the older cases, (Bealy v. Sampson, 2 Ventr. 90, 93,) yet modern dicta, and modern pleaders, if not actual decisions, have been quite uniform in the distinction made by Holt, Ch. J. in Britton v. Cole, as it is reported in several books ; (1 Ld. Raym. 305, 309 ; 1 Salk. 408 ; Carth. 441, 443 ;) viz. that where a party is put to justify under an execution, though it was against the plaintiff, he must, to make his authority complete, allege and prove the judgment upon which it was based; (9 Wentw. Pl. 22, 53 ; Clay v. Caperton, 1 *526 Monroe, 10, 11 ; De Grey, Ch. J. in Barker v. Braham, 3 Wils. 376 ;) though it is enough for the sheriff that he show the writ. (Bac. Jibr. Ex. (P.) )(a) The distinction is not very important, except as fixing the onus probandi; but in this, it takes the side of convenience, and, I think, accords with the general sense of the profession. There is no difficulty in saying of the case at bar that the fieri facias was regularly proved. A sworn copy was producedand, although that cannot be said, speaking lawyer-like, of the decree in this case, yet, one way and another enough came out in the course of the trial, by parol proof and the recital in the execution, from which to collect that this execution was well founded. No objection was made to the form of the proof; and indeed the plaintiff himself, in order to connect the defendant with the levy, was obliged to set up and maintain that the suit commenced was carried on to an execution. This was- followed by the defendant’s cross-examination of Jackson, who testified to every thing short of an enrolled decree. It can indeed hardly be su¡rposed, looking at the facts directly established, that a decree was wanting. We have pleadings in a competent court, an actual session at October term, followed by afi. fa. reciting a decree as of that term. No point was made below that a decree had not been duly proved; Jackson says there was one ; and I think we may say there was one regularly enrolled, as matter of presumption from the circumstances.
But the plaintiff below insists that, from the same circumstances and the same sort of proof, we must presume that the decree and execution were set aside for irregularity ; and that the defendant is liable on that ground. I see nothing in the error book to warrant the conclusion. No record, no supersedeas, no rule setting aside the proceedings on that ground, was produced; although the point was made against the plaintiff that the evidence showed a levy by virtue of judicial proceedings. It is true that the property was discharged, and *527 the order (so said Kirkham) by which it was discharged was recorded. On what ground1? Was it by consent, or on the ground of merits, or because the decree was satisfied ? Are we not rather to presume an innocent than a guilty cause ? I think we are ; and that it lay with the plaintiff to show directly, or, at least, by circumstances, that the reason for discharging the levy, as the witness expresses it, lay in some violation of practice. This he failed to do. He left the justification to stand in its full force. That I think was complete. I agree that if the execution was in fact set aside for irregularity, the action was properly brought; but not a case was cited, nor can there be, that on the naked fact of the execution or levy being set aside, no specific cause appearing, we are required to intend the worst.
The objection that the justification was not specially pleaded, is now heard for the first time. It should have been made in the court below. The evidence of justification may have been received by consent. I agree that in strictness the justification should have been pleaded; (Root v. Chandler, 10 Wend. 110, and the cases there cited;) but we must regard the objection as having been waived.
Judgment reversed.

 See Cowen & Hill’s Notes to Phil. Ev. p. 1078, et seq.